IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: THE MATTER OF | § | CIVIL ACTION NO. H-12-1622 |
| BOPCO, L.P., AS OWNER AND | § | |
| OPERATOR OF THE M/V MR. JOE, | § | consolidated with |
| PRAYING FOR EXONERATION FROM | § | |
| AND/OR LIMITATION OF LIABILITY | § | CIVIL ACTION NO. H-12-1113 |

MEMORANDUM AND ORDER

Pending is Plaintiff BOPCO L.P.'s Motion to Transfer Venue for *Forum Non Conveniens* (Document No. 37). Claimant Ryk Frickey has filed no response in opposition to the motion, and it is therefore deemed unopposed. *See* Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the case should be transferred to the Eastern District of Louisiana.

I.  Background

This controversy arises from a collision in waters at Point a La Hache, Louisiana, between the M/V MR. JOE, a vessel owned and operated by Plaintiff BOPCO, L.P. ("Plaintiff"), and a vessel operated by Claimant Ryk Frickey ("Claimant"). Claimant sued Plaintiff in state court in Harris County, Texas, alleging personal injuries sustained in the collision. Plaintiff thereafter filed a Complaint for Exoneration from or Limitation of Liability in the Eastern District of Louisiana,[1] which Claimant then moved to

_____

[1] Document No. 1.

dismiss.[2]  While Claimant's motion was pending, Plaintiff filed a
separate Complaint for Exoneration from or Limitation of Liability
in this Court.   The Court in the Eastern District of Louisiana
denied  Claimant's  motion  to  dismiss  Plaintiff's  first-filed
limitation of liability action, but transferred it to the Southern
District of Texas, holding that Rule F(9) of the Federal Rules of
Civil  Procedure  Supplemental  Rules  for  Admiralty  and  Maritime
Claims requires a complaint to limit liability to be filed in a
district  in  which  the  owner  of  the  vessel  has  been  sued.[3]
Plaintiff's two Complaints for Exoneration from or Limitation of
Liability were consolidated in the cause now before the Court.[4]

## II.   Motion to Transfer Venue

A.   Standard

Plaintiff  moves  to  transfer  this  action  to  the  Eastern
District of Louisiana pursuant to 28 U.S.C. Section 1404(a) and
Supplemental Admiralty and Maritime Claims Rule F(9).   The present
motion  was  foreshadowed  when  Plaintiff  unsuccessfully  argued
against  transfer  of  its  limitation  of  liability  case  from  the
Eastern District of Louisiana: the court there found that only this
Court--where Rule F(9) required the limitation of liability action

---

[2] Document No. 8.

[3] Document No. 26.

[4] Document No. 34.

2

initially to have been filed--would have authority to determine "the most convenient forum" for the action.[5] The portion of Rule F(9) that now must be applied is as follows:

> For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

FED. R. CIV. P. SUPP. A.M.C. F(9).

Rule F(9) was drafted to conform closely to the language of the federal transfer statute, 28 U.S.C. Section 1404(a), except that Rule F(9) allows transfer to any district for convenience, while Section 1404(a) only permits transfer to a district where the action might have been brought or where all parties consent to have it heard. FED. R. CIV. P. SUPP. A.M.C. F(9) advisory committee note; 28 U.S.C. § 1404(a). Thus, even though Rule F(9) did not allow Plaintiff initially to file its limitation of liability claim in the Eastern District of Louisiana, once the case has been transferred here Plaintiff may then move to send it back to that forum for convenience. *See* Matter of TLC Marine Services, Inc., 900 F. Supp. 54 (E.D. Tex. 1995) (holding that a limitation of liability claim that had been transferred to the Eastern District of Texas from the Eastern District of Louisiana on the grounds that

---

[5] *See* Order & Reasons, signed by Judge Helen G. Berrigan May 29, 2012, transferring the case to this Court.

3

there was a pending state court claim in Texas could be transferred back where the Eastern District of Louisiana was a more convenient forum).

In determining whether to transfer a case for convenience, courts look to the factors developed under Section 1404(a). *In re Alamo Chem. Transp. Co.*, 323 F. Supp. 789, 791 (S.D. Tex. 1970). Whether to transfer a case under Section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). These factors include: (1) the convenience of parties and witnesses; (2) the cost of obtaining attendance of witnesses; (3) the availability of compulsory process; (4) the relative ease of access to sources of proof; (5) administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary conflict of law problems; and (8) the interests of justice in general. *See* id. (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n. 6 (1981)). Courts should also consider the plaintiff's choice of forum. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

4

B.  Discussion

It is uncontroverted that nearly all individuals who may testify in this case are located in the Eastern District of Louisiana, where the collision occurred.  Moreover, those persons actually on the scene when the accident occurred are all located in Louisiana as is the M/V Mr. Joe.[6]  The operation of the M/V MR. JOE was controlled by BOPCO's New Orleans division at all relevant times,[7] and all witnesses with information regarding the operation, maintenance, or repair of the M/V MR. JOE are located in the Eastern District of Louisiana.[8]  Claimant received medical treatment from a Louisiana doctor and visited three separate Louisiana medical facilities.[9]  He also received medical treatment from one doctor in Houston, who is the only witness identified by either party who is located in the Southern District of Texas.[10] The only other individuals related to the case who are located in the Southern District of Texas are Claimant's attorneys, Jason Itkin and Cory Itkin, and their residence is not a reason to retain the case here.  *See* Horseshoe, 337 F.3d at 434 ("The factor of

---

[6] Document No. 37, ex. B, C.

[7] Document No. 37, ex. B, D.

[8] Document 37, ex. D.

[9] Document 37, ex. C.

[10] Id.

5

'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").

Because all but one of the potential witnesses reside in Louisiana, their appearances for trial in Houston--either voluntarily or at the instances of their employer--would be inconvenient and expensive. Moreover, unwilling witnesses from Louisiana are beyond the subpoena power of this Court sitting in Houston, Texas. *See* FED. R. CIV. P. 45(c)(3)(A)(ii); *see also In re* Volkswagen of Am., Inc., 545 F.3d 304, 316-17 (5th Cir. 2008). There is no showing that any of the Louisiana witnesses are outside of the subpoena power of the Eastern District of Louisiana. Thus, the convenience of the witnesses, the cost of transporting witnesses, and the availability of compulsory process all weigh strongly in favor of transfer.

Access to documents and records also favors transfer, given that most of the records are evidently located in Louisiana. Plaintiff's corporate documents are kept and maintained in its New Orleans division.[11] Given that Claimant is a citizen of Louisiana, any records he possesses that are sources of proof are most likely easily accessed in Louisiana.

The public interest factors also support transfer to the Eastern District of Louisiana. The collision occurred in Louisiana waters near Pointe a la Hache, Louisiana, it involved citizens of

---

[11] Document 37.

6

Louisiana, federal admiralty law applies, and no facts underlying Claimant's injuries--for which limitation of liability is sought--occurred in Texas. Under these circumstances, the citizens of Louisiana would be expected to have a greater interest in the case and its resolution than would the citizens of Texas.

In sum, the relevant factors and circumstances demonstrate that this case should be transferred to the Eastern District of Louisiana for the convenience of the parties and witnesses, and in the interest of justice.

## III. Order

It is therefore

ORDERED that Plaintiff BOPCO L.P.'s Motion to Transfer Venue for *Forum Non Conveniens* (Document 37) is GRANTED pursuant to Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F(9) and 28 U.S.C. Section 1404(a), and this case is TRANSFERRED to the United States District Court for the Eastern District of Louisiana.

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Eastern District

7

of Louisiana, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this ___14___ day of September, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

8